IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory D. Brookins, #295747, ) | |
| ) | Civil Action No. 3:07-1150-GRA-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Warden, Trenton Correctional ) | **REPORT AND RECOMMENDATION** |
| Institution, ) | |
| Respondent. ) | |
| ) | |

Petitioner, Gregory D. Brookins ("Brookins"), is an inmate at the South Carolina Department of Corrections serving a sentence of sixteen years for two counts of distribution of crack cocaine and fifteen years (concurrent) for two counts of distribution of crack cocaine within close proximity to a school (second offense). He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of the Constitution of the United States. The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on August 15, 2007. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on August 17, 2007, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on October 1, 2007.

**Procedural History**

Brookins pled guilty in Pickens County and was sentenced on August 26, 2003. He did not file a direct appeal. Brookins filed an application for post-conviction relief ("PCR") on March 8, 2004. (App. 12). An evidentiary hearing at which Brookins appeared and testified was held on

October 18, 2004. The PCR court issued an order dismissing the application (App. 57). A <u>Johnson</u>[1]
petition for writ of certiorari was filed by the South Carolina Office of Appellate Defense arguing:

> Trial counsel was ineffective in failing to explain fully sentencing consequences in this case.

(Res. Mem., Ex. 3). Brookins filed a pro se petition raising the following questions:

1. Was defense counsel ineffective for failing to object to the insufficient indictment that deprived trial court of subject matter jurisdiction[?]

2. Was defense counsel ineffective for failing to explain fully sentencing consequences in the case[?]

3. Was defense counsel ineffective for failing to object to the manner in which the notice of intent was served and the amendment to the indictment was provided[?]

4. Was defense counsel ineffective for failing to inform the Petitioner of all possible sentences and explaining the import of his prior offenses[?]

(Res. Mem., Ex. 4). The petition for writ of certiorari was denied by the South Carolina Court of Appeals on September 28, 2006. (Res. Mem., Ex. 5). The Remittitur was returned on October 26, 2006.

Brookins filed a second PCR on January 18, 2007. (Res. Mem., Ex. 7). A conditional order of dismissal was filed on May 1, 2007. (Res. Mem., Ex. 8). A final order was filed on July 5, 2007 dismissing the PCR because it was successive and untimely under South Carolina law. (Res. Mem., Ex. 10). Apparently no appeal was filed.[2]

---

[1] <u>Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 2001 (1988).

[2] The record shows that while the second PCR was pending, Brookins wrote the court to withdraw the application because he had filed his present habeas petition in this Court. (Res. Mem., Ex. 11).

**Grounds for Relief**

As noted by respondents, Brookins' claims are vaguely stated. The petition asserts only:

> Ineffective assistance of counsel. Improper computation of sentence. Ineffective assistance of counsel, and involuntary guilty plea, unconstitutional conviction.

Brookins alleges no facts to support these grounds for relief.

Brookins' Roseboro response gives some illumination to his grounds. First, Brookins asserts that the trial judge, the Honorable Henry F. Floyd, violated his Fifth Amendment right to due process by using a guideline sentencing system to impose sentence. Second, Brookins argues that his trial attorney was ineffective for failing to object to the guideline sentencing system used by the court.

**Discussion**

1.      Statute of Limitations.

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

3

>    the Supreme Court and made retroactively applicable to cases on collateral review;  or
>        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).  In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction.  Rule 203(b)(2), SCACR.  Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt.  Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001).  If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court.  Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999).  Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399.  A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2)

4

to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end fo the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those race instances where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing the doctrine does not apply. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004). It is clear that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Likewise, an attorney's mistake in calculating the filing date of the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Harris, 209 F.3d at 331.

Because Brookins did not file a direct appeal, his conviction became final on September 5, 2003, ten (10) days after his guilty plea. One hundred eighty five (185) days of untolled time lapsed before he filed his first PCR on March 8, 2004.[3] The statute of limitations was tolled until October 26, 2006 when the Remittitur was returned following denial of the petition for certiorari relating to Brookins' first PCR. The second PCR was not properly filed and, therefore, did not toll the statute of limitations. Pace v. Diguglielmo, 544 U.S. 408 (2005). The present petition is dated May 16, 2007.[4] Assuming Brookins delivered the signed petition to the prison mail room for delivery on that date, it should be considered filed as of May 16, 2007. See Houston v. Lack, 487 U.S. 266 (1988). Using these dates, an additional two hundred two (202) days of untolled time lapsed prior to filing. Thus, three hundred eighty (387) days of untolled time lapsed between the time Brookins' conviction became final and the filing of the petition in this case. Brookins has not responded to respondents' argument that his petition is untimely. Therefore, the undersigned concludes that Brookins' petition was not timely filed.

2.      Guideline Sentencing

The record of Brookins' change of plea hearing supports his factual assertion that the trial court used some form of unspecified guideline in imposing sentence. (See App., p. 9). It appears that the Court used a point system to weigh Brookins' prior criminal offenses. The Court then stated that Brookins would be sentenced at a lower term of imprisonment than the sentence called for by the guidelines. (Id.). There is no objection in the record from trial counsel.

Generally, sentencing is within the sole discretion of the trial judge, and the sentence is not subject to review as long as it is within statutory limits. Stevens v. Warden, Md. Penitentiary, 382

---

[3] 2004 was a leap year.

[4] This Court actually received the petition earlier, but it was returned to Brookins because he failed to sign it. See Order dated May 9, 2007.

F.3d 429 (4th Cir. 1967), cert. denied, 390 U.S. 1031 (1968). Brookins has not alleged or shown that he was sentenced outside the statutory maximum for his offenses. The trial court advised Brookins:

> The two distribution counts carry 25 years and $50,000 a piece. The two proximities carry between 10 and 15 years and a fine of $10,000. So your maximum exposure is 80 years....

Brookins' indicated that he understood. (App. 4).[5] Thus, Brookins was sentenced to less than the statutory maximum on each charge.

Additionally, Brookins never presented this aspect of his sentencing to the South Carolina courts for review. The undersigned concludes that Brookins has failed to exhaust his present claims, and they are procedurally barred.

## **Conclusion**

Based on a review of the record, it is recommended that respondent's motion for summary judgment be granted, and the petition dismissed without an evidentiary hearing.

                              Respectfully submitted,

                              Joseph R. McCrorey
                              United States Magistrate Judge

February 4, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[5] In his first PCR, Brookins asserted that his prior drug offense, a 1989 conviction for attempting to possess crack cocaine, should not have been used to enhance his 2003 convictions because it was only an attempt. This argument was rejected by the South Carolina courts.

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).