UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Gregory D. Brookins, # 295747, ) | C/A No.: 3:07-cv-1150-GRA-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | (Written Opinion) |
| Warden, Trenton Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., filed on February 4, 2008. The petitioner originally filed for relief under 28 U.S.C. § 2254, on April 30, 2007, arguing that his incarceration was in violation of the United States constitution because he had been denied the effective assistance of counsel. The respondent filed a motion for summary judgment on August 15, 2007. The Court issued an order pursuant *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on August 17, 2007, advising the petitioner about the consequences of failing to respond to the respondent's motion. On October 1, 2007, the petitioner filed a response.

The magistrate recommends granting the respondent's motion for summary judgment. The petitioner filed objections on February 21, 2008. For the reasons stated herein, notwithstanding the petitioner's objections, this Court adopts the

magistrate's Report and Recommendation in its entirety.

## Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The petitioner filed timely objections.

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation

to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). This Court will construe the petitioner's objections liberally, but it will only address the petitioner's specific objections.

## Objections

Petitioner objects that he is entitled to a "period of equitable tolling . . . for the time period beginning on October 27, 2006 and ending on May 27, 2007." *Objs.* at 5. These dates are, respectively, the date the petitioner's state judgment became final and the date the petitioner filed the immediate motion. Petitioner argues that he qualifies under the standard announced in *Lawrence v. Florida*, 107 S.Ct. 1079 (U.S. 2007), for equitable tolling. He argues that, first, he has diligently pursued his rights by filing three post conviction relief applications and this action. And his lack of legal training and minimal education constitute extraordinary circumstances under the *Lawrence* standard.

In *Lawrence* the Supreme Court stated: *"*To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 1085 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The *Lawrence* Court went on to find that an attorney's mistake in miscalculating the deadline for filing did not constitute extraordinary circumstances. *Lawerence*, 107 S.Ct. at 1085. Similarly, the petitioner's unfamiliarity with the law is not an extraordinary circumstance for purposes of equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). The petitioner's objection is meritless because he has failed to demonstrate an extraordinary circumstance kept him from filing his petition in a timely manner.

## Conclusion

After reviewing the record, the Report and Recommendation, and the petitioner's objections, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the respondent's motion for summary judgment be GRANTED.

IT IS SO ORDERED.

[signature on next page]

                                                    _____
                                                    G. ROSS ANDERSON, JR.

March 25, 2008                                UNITED STATES DISTRICT JUDGE
Anderson, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

      Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**